# IN THE MATTER OF THE TRUST ESTATE OF BERNICE PAUAHI BISHOP, DECEASED.

## No. 2557.

SUBMITTED MAY 13, 1944.　　　　DECIDED JUNE 29, 1944.

PETERS AND LE BARON, JJ., AND CIRCUIT JUDGE MOORE IN PLACE OF KEMP, C. J., ABSENT.

OPINION OF THE COURT BY PETERS, J.

This is a motion for a master's fee. To the master had been referred by a judge of the circuit court of the first circuit, presiding in equity, by successive orders of reference, the fifty-third and fifty-fourth annual accounts and a special account filed by the trustees under the will and of the estate of Bernice P. Bishop, deceased. The master reported separately upon all three accounts and it was for his entire services in that behalf that he prayed compensation. The circuit court allowed the master a fee in gross of $9000. From this allowance the trustees and the Territory of Hawaii, also a respondent upon the motion,

appealed, both claiming that the fee allowed was excessive.

The fifty-third annual account was for the fiscal year ending June 30, 1938. It was filed November 29, 1938, and referred to the master on December 10, following. On May 15, 1939, the master reported recommending its allowance and it was accordingly approved. Subsequently, however, on June 27, 1939, the circuit judge vacated and set aside the order approving the fifty-third annual account of the trustees and on the same day remitted the account to the same master with the specific direction that he advise the court whether the salaries of employees of the trustees, reimbursement of the payment of which was therein prayed, came within the rule of law enunciated by this court in its opinion in the matter of the *Estate of Mary E. Foster*, reported in 34 Hawaii at page 417. Pursuant to the supplementary order of reference the master took evidence and on October 19, 1939, made a supplementary report, accompanying the same with the transcript of the evidence taken by him and the exhibits received upon the hearing. The supplementary report of October 19, 1939, was later succeeded by a second supplementary report filed November 30, 1939. During the pendency of the reference of the fifty-third annual account, the trustees filed on October 14, 1939, their fifty-fourth annual account for the year ending June 30, 1939, and a special account for the period from July 1, 1939 to July 14, 1939, both inclusive, the latter account being rendered necessary by the resignation of one of the trustees. The fifty-fourth annual account and the special account, on October 17, 1939, were also referred to the same master, and on November 30, 1939, he reported separately upon each account. The same question upon which the court sought advice in respect to the fifty-third annual account was involved in the fifty-fourth annual account and the special account.

The trustees filed exceptions to the supplementary reports of the master upon the fifty-third annual account and to the reports of the master upon the fifty-fourth annual account and the special account. Upon the hearing of the exceptions before the circuit judge, the master, at the request of the court, was in attendance for a period of twenty days. The exceptions to the fifty-third and fifty-fourth annual accounts and to the special account were sustained by the circuit judge and his action was affirmed by this court upon appeal by the Territory of Hawaii in the matter of *Estate Bernice P. Bishop,* 36 Hawaii 403.

In our opinion the master in moving for, and the circuit court in allowing, a master's fee in gross for all the services rendered by the master in connection with the several accounts referred to him, proceeded upon a wrong theory and the record is not in a condition for this court to decide the question presented with justice to all the parties concerned.

Masters' fees as to amount are within the sound discretion of the appointing jurisdiction. But an allowance in gross without more forecloses review of abuse. The services of the master in respect to any one of the three accounts referred to him were separate and distinct from the services rendered by him in respect to either of the other two. If entitled to fees for the services respectively performed by him upon each reference, in the absence of evidence of or any finding upon the value of the services rendered by the master upon each reference, it is impossible to say from an allowance in gross whether the circuit judge abused the sound judicial discretion reposed in her in respect to the fifty-third or fifty-fourth annual accounts or the special account. Without evidence of the value of its different components, it is impossible to say whether an aggregate is excessive.

Moreover, the fifty-third annual account involved dif-

ferent types of professional service, including among others the taking of evidence, legal research personally and through an assistant, and the preparation of a report, all involving different rates of compensation. The fifty-fourth annual account and the special account may have involved the same or additional types of service. The attendance of the master before the circuit judge upon the hearing of the exceptions is still another type of professional service. The value of these different types of service should have been separately appraised.

"The claim of the master should * * * show the time he was necessarily employed in the examination of questions of law and fact and in preparing his report of such findings and conclusions, and if the parties who are called upon to pay the demands of the master object to the claim as presented, the master should be required to support his claim with proof, as are other claimants in courts of justice. The proof so produced should show to the court the services rendered, the time actually and necessarily devoted by the master to the work, and such other facts as will enable the court to intelligently determine the rights of the master and the proper obligations of the litigants."[1]

Where accounts of trustees covering successive accounting periods are separately referred to the same master, necessitating separate reports by the master upon each account, and one or more of the accounts require of the master different types of professional service, in the absence of evidence of and findings determining the value of the services rendered by the master upon each reference and the respective values of the different types of professional service necessarily performed in respect to each account, this court is not in a position to determine whether an allowance in gross is excessive.

---

[1] *Fitchburg Steam Engine Co.* v. *Potter,* 211 Ill. 138, 156, 71 N. E. 933.

Under the circumstances, without passing upon the merits, the within cause is remanded to the trial judge for further proceedings consistently with the views herein expressed.

*Robertson & Castle* for appellants Bishop Estate trustees.

*C. N. Tavares*, Attorney General, and *H. B. Kidwell*, Deputy Attorney General, for appellant Attorney General of Hawaii.

*W. H. Heen* for himself as master.